# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIONEL HOLLAND, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-511-G |
| JEFFREY TROUT, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing pro se, initiated this civil rights action on May 23, 2018, against several employees of the Oklahoma Department of Corrections ("ODOC"). *See* Comp. (Doc. No. 1) at 1-2. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell.

As she was required to do, Judge Mitchell screened Plaintiff's Complaint prior to any defendant being served. *See* 28 U.S.C. § 1915A(a); Order dated 08/07/18 (Doc. No. 12). On August 7, 2018, Judge Mitchell—concluding that "it appears that Plaintiff's claims for relief in the instant matter are barred by the statute of limitations"—ordered Plaintiff to show cause why the claims in his Complaint should not be summarily dismissed. Order dated 08/07/18 (Doc. No. 12) at 3. When Plaintiff—after initially moving for and receiving an extension of time to respond—took no further action, Judge Mitchell on November 1, 2018, issued a Report and Recommendation recommending dismissal of Plaintiff's action for failure to prosecute. *See* R. & R. (Doc. No. 16) at 1.

On November 29, 2018, a notice was received indicating that the copy of the Report and Recommendation mailed to Plaintiff had been returned as undeliverable, with the handwritten annotation "deceased." *See* Doc. No. 18. The Court notified the Oklahoma Department of Corrections ("ODOC") of the pending litigation and directed it "to advise the Court as to whether Plaintiff is deceased and, if applicable, to make the appropriate filings under Fed. R. Civ. P. 25(a)." Order dated 2/15/2019 (Doc. No. 21) at 2. On February 28, 2019, ODOC notified the Court that Plaintiff had died on September 26, 2018, providing documentation to that effect. *See* Ex. 1 to Notice (Doc. No. 24-1).

Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties in the event of death. Under Rule 25(a)(1), a motion to substitute "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The action must be dismissed if no such motion is made "within 90 days after service of a statement noting the death." *Id.* To trigger the 90-day window, the statement noting death must be personally served on the decedent's representative "as provided in Rule 4." Fed. R. Civ. P. 25(a)(3); *see Hendricks v. Liberty Nat'l Life Ins. Co.*, No. 13-CV-0390-CVE-PJC, 2013 WL 4544299, at *1 (N.D. Okla. Aug. 27, 2013). Although it is often "difficult to determine who to serve," it is "generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).

In this case, there is no properly-served defendant to shoulder the burden. And the Court concludes that it would be inappropriate to require ODOC—a non-party that was

presumably unaware of this action prior to the Court's February 15, 2019 order—to identify, locate, and serve the appropriate successor to Plaintiff's lawsuit. It would be likewise inappropriate to dismiss the action for failure to prosecute when—unknown to Judge Mitchell and only learned by the Court subsequent to the Report and Recommendation—that failure to act was due to Plaintiff's death.[1]

The Court determines that the best course of action is to exercise the Court's inherent powers to control its own docket and DISMISS Plaintiff's claims without prejudice to refiling. Should a successor or representative of Plaintiff appear, and seek leave to be substituted for Plaintiff and proceed with the action, the Court will entertain any appropriate motion at that time.

IT IS SO ORDERED this 30th day of May, 2019.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Accordingly, the Court declines to adopt the Report and Recommendation (Doc. No. 16) issued on November 1, 2018.